**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

---

**RACHELLE MCNEIL,**
**Plaintiff,**

**v.** **Case No. 26-cv-2189**

**SHEBOYGAN SENIOR COMMUNITY, INC.,**
**Defendant.**

---

## COMPLAINT

---

### Jurisdiction and venue

1. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

### Parties

3. Plaintiff Rachelle McNeil ("Plaintiff") is an adult resident of Sheboygan County, Wisconsin. Plaintiff's consent to join form is attached to this complaint as Exhibit A.

4. Plaintiff brings this action individually and on behalf of similarly situated employees as described below.

5. Plaintiff seeks unpaid overtime compensation and unpaid agreed-upon wages for earned, accrued PTO.

6. Plaintiff brings Count 1 under 29 U.S.C. § 216(b) on behalf of the FLSA Regular Rate Collective, defined as:

> All current and former nonexempt employees of Defendant who, during the three years preceding the filing of this complaint through resolution of this action, worked more than forty hours in a workweek and received bonuses, or other remuneration.

7. Plaintiff brings Count 2 under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the Wisconsin Regular Rate Class, defined as:

> All current and former nonexempt employees of Defendant who worked in Wisconsin during the two years preceding the filing of this complaint through resolution of this action, worked more than forty hours in a workweek, and received bonuses, or other remuneration.

8. Plaintiff brings Count 3 under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the Wisconsin PTO Class, defined as:

> All employees of Defendant in Wisconsin who were employed by Defendant on July 1, 2026, and had a positive balance of earned, accrued, and unused PTO in their PTO bank as of the end of the day on June 30, 2026.

9. The Wisconsin Regular Rate Class and Wisconsin PTO Class are collectively referred to as the Wisconsin Classes.

10. Defendant Sheboygan Senior Community, Inc. is a Wisconsin non-stock corporation with its principal office at 3505 County Road Y, Sheboygan, Wisconsin 53083.

11. Defendant operates a senior care community providing residential care and nursing services to elderly residents.

12. Defendant's registered agent is Paul Treffert, whose registered office is at 3505 County Road Y, Sheboygan, Wisconsin 53083.

13. Defendant employed Plaintiff in Wisconsin as a licensed practical nurse.

14. Plaintiff's duties included distributing medications, providing wound care, updating physicians about residents' conditions, assisting with activities of daily living, and communicating with residents and their families.

15. Defendant paid Plaintiff hourly wages, bonuses, and shift premiums.

## **Factual allegations**

16. Defendant employed Plaintiff as an hourly licensed practical nurse from October 18, 2022, until July 2026. Plaintiff's last day worked was July 22, 2026, and Defendant notified Plaintiff of her termination on July 23, 2026.

17. Plaintiff's base hourly rate during the pay periods at issue was $37.44.

18. Defendant operates an institution primarily engaged in caring for elderly persons who reside on its premises and is a covered enterprise under 29 U.S.C. § 203(s)(1)(B).

19. Plaintiff and members of the FLSA Regular Rate Collective and Wisconsin Regular Rate Class worked more than forty hours in individual workweeks during their employment.

20. Defendant paid Plaintiff and members of the FLSA Regular Rate Collective and Wisconsin Regular Rate Class bonuses, including bonuses offered for accepting additional shifts that needed coverage.

21. Defendant also paid Plaintiff members of the FLSA Regular Rate Collective and Wisconsin Regular Rate Class shift premiums for qualifying hours, including hours worked after 4:00 p.m.

22. Defendant failed to calculate the regular rate correctly when determining overtime compensation owed to Plaintiff and members of the FLSA Regular Rate Collective and Wisconsin Regular Rate Class.

23. The challenged errors included failing to account fully for nondiscretionary bonuses, and other remuneration required to be included in the regular rate.

24. The regular-rate claims concern Defendant's overtime calculations generally and are not limited to a particular payroll label.

25. Plaintiff's records for February 22 through March 7, 2026, identify 13.72 overtime hours, a payment designated "Bonus," a payment designated "Pick Up Bonus," and shift premiums.

26. Defendant did not include the $1,000 bonus and the $100 Pick Up Bonus in the calculation or the regular rate thereby failing to pay overtime compensation at the mandated overtime rate.

27. Plaintiff and members of the FLSA Regular Rate Collective and Wisconsin Regular Rate Class worked overtime during workweeks to which the additional compensation was attributable and received less overtime pay than legally required because of Defendant's failure to include all renumeration in the calculation of the regular rate.

28. Before July 1, 2026, Defendant maintained an established PTO policy under which eligible employees earned and accrued PTO through their employment.

29. Defendant's August 2024 handbook provided PTO for full-time and qualifying part-time employees according to length of service and an accrual schedule.

30. Plaintiff and members of the Wisconsin PTO Class performed services for Defendant and earned PTO under the former policy. Their unused PTO was recorded in individual PTO banks.

31. Defendant replaced the former accrued-PTO policy with a new vacation policy effective July 1, 2026.

32. In a June 18, 2026 announcement, Defendant stated that Plaintiff and members of the Wisconsin PTO Class would receive vacation balances based on years of service, employees employed at least one year as of July 1 could carry over up to forty hours of existing PTO, and PTO above the rollover limit would be paid at the employee's base rate.

33. The promised rollover and payout concerned PTO already earned under the old policy, separate from benefits granted under the new policy.

34. Plaintiff was employed by Defendant on July 1, 2026, and had an earned, accrued PTO bank at the close of June 30, 2026. Plaintiff's unpaid pre-transition PTO at issue totals 131.12 hours.

35. At the transition, Defendant eliminated earned, accrued PTO from Plaintiff's and Wisconsin PTO Class Members' PTO banks without paying the wages owed or preserving the earned balances through the promised rollover.

36. Plaintiff and members of the Wisconsin PTO Class did not receive the promised rollover or payment for the pre-transition PTO at issue.

37. Plaintiff raised the missing PTO with human resources and discussed the problem with coworkers who experienced the same issue.

38. The PTO claim concerns the treatment of existing PTO banks at the July 1 transition, not forfeiture based on a later separation or an entitlement to unearned vacation under the new policy.

39. Defendant's payroll, timekeeping, PTO, and personnel records identify the employees affected, their hours and compensation, and their pre-transition PTO balances and any related payments or rollover.

40. Plaintiff and the FLSA Regular Rate Collective are similarly situated with respect to the challenged compensation practices. Plaintiff requests court-authorized notice and an opportunity for similarly situated employees to join by filing written consents.

## Class allegations

41. Plaintiff brings Counts 2 and 3 on behalf of the Wisconsin Regular Rate Class and Wisconsin PTO Class, respectively, under Fed. R. Civ. P. 23(a) and (b)(3).

42. The persons in each of the Wisconsin Classes are so numerous that joinder of each individual class member's claims is impracticable.

43. There are questions of law and fact common to the Wisconsin Regular Rate Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

a. Whether Plaintiff and class members are employees;

b. Whether Defendant was an employer;

c. Whether Defendant failed to account fully for bonuses and other includable remuneration when calculating overtime;

d. Whether Defendant's regular-rate calculations complied with Wisconsin law;

e. The proper method of calculating unpaid overtime; and

f. Whether increased wages are appropriate.

44. Questions of law and fact common to the Wisconsin PTO Class include:

a. The terms of Defendant's former PTO policy;

b. Whether class members earned the PTO reflected in their June 30, 2026 banks;

c. The terms of Defendant's transition and payout commitments;

d. Whether Defendant eliminated earned PTO without the required payment or carryover;

e. The proper method of valuing unpaid PTO; and

f. Whether increased wages are appropriate.

45. Plaintiff's claims are typical of each Wisconsin Class because Plaintiff experienced the challenged regular-rate practices and held an accrued PTO bank at the transition. Plaintiff will fairly and adequately protect each class's interests and has retained Hawks Quindel, S.C.

46. Class treatment is superior to separate actions because common issues can be resolved together, duplicative litigation can be avoided, and employees can pursue wage claims without bearing the full expense of separate proceedings.

47. Common questions predominate for each Wisconsin Class because the claims concern Defendant's compensation practices and implementation of a common PTO transition. Individual amounts can be determined from payroll, timekeeping, PTO, and personnel records.

48. Plaintiff requests separate certification of the Wisconsin Classes, appointment as class representative, appointment of Plaintiff's attorneys as class counsel, and notice under Rule 23.

## Count 1
## FLSA overtime

49. Plaintiff incorporates the preceding allegations.

50. Defendant is a covered enterprise under 29 U.S.C. § 203(s)(1)(B) because it operates an institution primarily engaged in caring for elderly residents on its premises.

51. Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

52. Plaintiff and members of the FLSA Regular Rate Collective were employees within the meaning of 29 U.S.C. § 203(e).

53. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

54. Under 29 U.S.C. § 207(e), the regular rate includes all remuneration for employment unless a statutory exclusion applies, including required nondiscretionary bonuses and shift premiums.

55. Plaintiff and members of the FLSA Regular Rate Collective were not exempt from the FLSA overtime requirements.

56. Defendant failed to calculate the regular rate correctly, including by failing to account fully for nondiscretionary bonuses and other includable remuneration, and underpaid overtime as a result.

57. The challenged practices violate 29 U.S.C. § 207.

58. Defendant's violation of the FLSA was willful.

59. Plaintiff and the members of the FLSA Regular Rate Collective seek unpaid overtime, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs under 29 U.S.C. § 216(b).

**<u>Count 2</u>**
**Wisconsin overtime**

60. Plaintiff incorporates the preceding allegations.

61. Defendant was an employer within the meaning of Wis. Stat. § 109.01(2).

62. Plaintiff and members of the Wisconsin Regular Rate Class were employees within the meaning of Wis. Stat. § 109.01(1r).

63. Plaintiff and members of the Wisconsin Regular Rate Class were not exempt from applicable Wisconsin overtime requirements.

64. Wisconsin Administrative Code § DWD 274.03 requires covered employers to pay one and one-half times the regular rate for hours worked over forty in a workweek.

65. Defendant failed to calculate the regular rate correctly, including by failing to account fully for nondiscretionary bonuses and other remuneration required to be included.

66. Defendant consequently failed to pay all overtime wages earned by Plaintiff and members of the Wisconsin Regular Rate Class.

67. The unpaid amounts constitute wages under Wis. Stat. § 109.01(3) and were not paid when due under Wis. Stat. § 109.03.

68. Plaintiff and class members seek unpaid wages under Wis. Stat. § 109.03(5) and increased wages to the extent authorized by Wis. Stat. § 109.11(2).

69. Plaintiff and class members also seek reasonable attorneys' fees, expenses, and costs under Wis. Stat. § 109.03(6).

**Count 3**
**Unpaid PTO**

70. Plaintiff incorporates the preceding allegations.

71. Defendant was an employer under Wis. Stat. § 109.01(2).

72. Plaintiff and members of the Wisconsin PTO Class assert this claim to the extent covered as employees under Wis. Stat. § 109.01(1r).

73. Defendant agreed to provide PTO as wages under an established policy. Plaintiff and members of the Wisconsin PTO Class earned that compensation through services performed before July 1, 2026.

74. The earned PTO constituted wages under Wis. Stat. § 109.01(3), including vacation pay and similar compensation agreed upon or provided under an established policy.

75. Defendant also announced that Wisconsin PTO Class members could carry over up to forty hours of existing PTO and that balances exceeding that limit would be paid at the employee's base rate.

76. Defendant eliminated previously earned PTO without paying the agreed-upon wages owed to members of the Wisconsin PTO Class.

77. Defendant failed to pay these wages when due, in violation of Wis. Stat. § 109.03.

78. Plaintiff and members of the Wisconsin PTO Class seek unpaid wages under Wis. Stat. § 109.03(5) and increased wages to the extent authorized by Wis. Stat. § 109.11(2).

79. Plaintiff and class members also seek reasonable attorneys' fees, expenses, and costs under Wis. Stat. § 109.03(6).

Plaintiff, individually and on behalf of the FLSA Regular Rate Collective and the Wisconsin Classes, respectfully requests the following relief:

A. Judgment for unpaid overtime under the FLSA and Wisconsin law and unpaid agreed-upon wages attributable to earned, accrued pre-transition PTO, without duplicate recovery of the same wages;

B. An award of liquidated damages under 29 U.S.C. § 216(b) and increased wages to the extent authorized by Wis. Stat. § 109.11(2);

C. An award of reasonable attorneys' fees, expenses, and costs as authorized by law; and

D. Such further relief as the Court deems just and equitable.

Dated: November 25, 2026

*s/Larry A. Johnson*
Larry A. Johnson, SBN 1056619
Connor J. Clegg, SBN 1118534
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 N. Port Washington Rd., Suite 243
Milwaukee, WI 53217-5470
Telephone: (414) 271-8650
Fax: (414) 607-6079
Email: ljohnson@hq-law.com
cclegg@hq-law.com